IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL BAILEY,<br>  Plaintiff<br><br>-V-<br><br>BERRY APPLEMAN & LEIDEN. LLP,<br>  Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil No. _____<br>JURY DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT

*TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:*

NOW COMES Michael Bailey, Plaintiff, and files this, his Original Petition, because his law firm employer, Defendant Berry Appleman & Leiden, LLP: (1) interfered with his federally protected leave benefits and retaliated against him for attempting to avail himself of those federally protected leave benefits in violation of the Family and Medical Leave Act, as amended ("FMLA"), 26 USC § 2601, *et seq.*, and its implementing regulations, 29 CFR 825 *et seq*, and/or (2) discriminated against him in violation of the Americans with Disabilities Act, as amended ("ADA"), 42 USC § 12101 *et seq*. In support, Plaintiff respectfully shows the following:

I.
SUMMARY

Plaintiff Michael Bailey ("Bailey") was employed by Defendant Barry Appleman & Leiden, LLP ("BAL") as a full-time attorney. In January 2020, Bailey informed BAL that he would need to take an extended FMLA leave of absence arising out of two serious medical conditions: he would need to care for (1) his wife, who was experiencing a medically difficult pregnancy (and subsequent birth), as complicated by her disability and (2) his son, who was simultaneously experiencing severe behavioral issues arising out his disability. Bailey's supervisor at BAL responded by telling him that she did not think he

needed that much time off, among other things. Within a couple of weeks thereafter, BAL falsely accused Bailey of violating a "last chance" agreement with BAL in connection with a professional argument he had with a couple of colleagues and summarily terminated his employment. Bailey contends that his attempts to take leave in connection with these two medical situations were not well-taken by BAL, as it ran counter to BAL's work-primacy sweatshop culture. As a result, Bailey contends that BAL, while asserting a pretextual reason, adversely acted against him and terminated his employment with the real intent of (1) interfering with and/or retaliating against him because of his attempts to exercise his federally guaranteed right to such medical leave benefits, in violation of the FMLA and (2) discriminating against him because of his association with his disabled wife and son, in violation of the ADA.

## II.
## PARTIES

1. Plaintiff Bailey is an individual who is a citizen of the State of Texas.

2. Defendant BAL is a limited liability partnership registered in Texas and is conducting business herein. Defendant can be served by serving its registered agent for service of process: <u>Jeremy Fudge, Esq., 2400 N. Glenville Drive - Building A, Richardson, Texas 75082</u>.

## III.
## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court because this action arises under the FMLA and ADA. Defendant is a professional partnership citizen of Texas, is doing business in the State of Texas, and this court's exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

4. Venue is appropriate in this Court because the acts giving rise to this case occurred within the geographical jurisdiction area of this Court.

## IV.
## FACTUAL ALLEGATIONS

5. Bailey was continuously engaged by BAL as a full-time attorney-employee from around or about 2015 through February 13, 2020. At the times relevant hereto, Bailey was employed by BAL for least 12 consecutive months and had worked in excess of 1,250 hours for BAL. At all relevant times

herein, BAL employed 50 or more full-time employees each working day for 20 or more calendar workweeks at Bailey's worksite and/or in other worksites within 75 miles thereof. At all relevant times herein, BAL was an employer engaged in commerce or industry affecting commerce.

6. In Fall of 2019, Bailey began to experience a perfect storm of issues arising out of several serious medical conditions and/or disabilities affecting him, his wife, and his son. More specifically, Bailey's wife was experiencing a difficult pregnancy that was complicated by her chronic autoimmune disability. Additionally, Bailey's young, minor-aged son experienced an exacerbation from his own disability, which disability causes him significant and ongoing severe behavioral issues. Also, Bailey himself was under treatment for severe anxiety disorder and clinical depression.

7. All of the foregoing medical issues came to an unexpected juncture for Bailey while he was in Mexico, in early November of 2019, delivering a presentation at a conference as part of his job duties at BAL. While he was away in Mexico, Bailey's wife experienced complications with her pregnancy, as exacerbated by her serious medical condition/disability, while at the same time Bailey's young son experienced an exacerbation of behavioral issues resulting from his serious medical condition/disability. This unexpected confluence of medical events caused Bailey to determine that he had no choice but to inform his supervisor, Ms. Petra Tang ("Tang"), that he needed to return home immediately to deal with these unexpected medical emergencies.

8. During the following weeks it became plain to Mr. Bailey that given his wife's medical condition and the exacerbations his son was experiencing, that he needed to at least look into the possibility of taking FMLA leave in order to care for his family. Additional complications developed when Bailey's son ultimately had to be hospitalized as a result of the behavioral issues arising out of his serious medical condition/disability, all the while Bailey's wife was continuing to struggle with a troublesome disability-complicated pregnancy.

9. Ultimately, by December 2019, issues developed with the paperwork required by BAL's short-term disability carrier and Bailey decided to hold off on requesting FMLA leave and to try and continue working through the situation. Leading to Bailey's decision was the fact during the period of

exploring taking possible FMLA leave, Bailey became concerned that his undertaking such leave would not be taken well by BAL. More specifically, the work culture at BAL is that attorneys are expected to be working and processing cases constantly; taking an extended leave of absence of several weeks was not consistent with BAL's work culture in Bailey's experience. Bailey's unease was underscored by the fact that after his unexpected return from Mexico in November 2019, his supervisor's behavior and attitude towards him changed noticeably. As he requested more engagement, assistance, and support from Tang during this troubling time, he found her to suddenly be unavailable, aloof and repeatedly making it clear that it was his sole responsibility to deal with all matters work-related, regardless of what was happening in his personal life.

10. In January 2020, Bailey's wife's obstetrician notified her that her husband (Bailey) would need to take six weeks off at or around the time of delivery of their baby. The reason was that given the nature of the pregnancy – high risk due to complications from her underlying autoimmune disability – the obstetrician determined it was medically necessary that Bailey be home to care for his wife and baby, leading up to and into the aftermath of the baby's birth. At this point, as between his wife's serious medical condition/disability imminently about to become even further exacerbated and his son's medical condition/disability exacerbation still continuing, Bailey had no choice but to formally inform BAL that he would be needing to take an extended period of FMLA leave.

11. Bailey informed his supervisor, Tang of his medical need to take an extended period of FMLA leave. Tang responded by telling Bailey that she didn't think he needed that much time off and made clear to him that it was his responsibility for planning coverage of his work responsibilities while he was out on such leave. After that, Tang's avoidance of Mr. Bailey became even more pronounced, with her repeatedly cancelling and rescheduling meetings to discuss his FMLA leave logistics and deliberately ignoring Bailey's pleas for assistance. This additional pressure and treatment by Tang caused Bailey severe stress and exacerbated his own severe anxiety disorder and clinical depression.

12. It was in this context that BAL's termination of Bailey's employment unfolded. On February 13, 2020, Bailey found himself in an unexpected situation where two colleagues and Bailey had

a substantive argument in Bailey's office about a work matter. As the argument progressed, Mr. Bailey began experiencing a severe anxiety attack and, as a result, he needed to immediately extract himself from the situation before he devolved into a mental and physical paralysis from the escalating anxiety attack. Therefore, Bailey asked his colleagues to leave his office, but they refused to do so, and instead persisted with the argument, further exacerbating Bailey's anxiety attack. When his colleagues refused to leave after a second request, the argument devolved into mutual shouting in which Bailey raised his voice and told them to leave, at which point they left his office. However, the argument was overheard by another BAL employee outside of Bailey's office who brought it to BAL management's attention. Subsequently, Tang followed up and informed Bailey that his employment was terminated effective immediately and he was escorted off the BAL premises.

13.     BAL informed Bailey that he was terminated because his actions in arguing with his colleagues supposedly violated a "last chance" agreement that he entered into with BAL in April of 2019. However, that reason is false, as Bailey did not violate any term of the "last chance" agreement. The argument Bailey had with his colleagues was no different than any other professional argument that occurs everyday in law firms across America. Bailey did not threaten or disrespect or intimidate his colleagues; the argument and raised voices attendant to it were mutual, relevantly work related, otherwise unremarkable, and not violative of the "last chance" agreement. BAL never asked Bailey for his side of the argument and he was given no opportunity to explain that he only requested his colleagues to leave his office to promptly end the meeting in order to get control over the debilitating anxiety attack it had triggered in him. Additionally, Bailey's colleagues who willingly participated in the argument were not disciplined in any manner. In short, BAL's proffered reason for Bailey's termination was a pretext for unlawful reasons, to include the willful interference with his exercising of his FMLA rights and the willful retaliation against him for seeking to exercise his FMLA rights and/or discrimination against him because of his association with his disabled wife and son. Bailey has satisfied all ADA-claim administrative prerequisites, to include the timely filing of a Charge of Discrimination with the EEOC and timely filing of this lawsuit within 90 days of issuance of a right to sue letter by the EEOC..

V.

### A. FIRST CAUSE OF ACTION:
### INTERFERENCE WITH PROTECTED BENEFITS IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

14. The allegations set forth in paragraphs 1 through 13 above are fully incorporated herein and apply to this cause of action.

15. Defendant is a covered employer of Bailey and Bailey was or would have been an eligible employee were it not for Defendant's actions as defined by the FMLA.

16. As described above, Defendant's actions constitute unlawful interference with Plaintiff's FMLA protected rights and benefits under the FMLA.

17. As a result of Defendant's unlawful interfering actions, Plaintiff suffered damages, to include:

   a. Lost wages (past and future);

   b. Lost and/or replacement employer offered benefits;

   c. Liquidated damages; and

   d. Reasonable attorneys' fees and court costs

### B. SECOND CAUSE OF ACTION:
### EMPLOYMENT RETAILATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

18. The allegations set forth in paragraphs 1 through 13 above are fully incorporated herein and apply to this cause of action.

19. Defendant is a covered employer of Bailey and Bailey was or would have been an eligible employee were it not for Defendant's actions as defined by the FMLA.

20. As described above, Defendant's actions constitute unlawful retaliation against Bailey, as a result of his attempts to avail himself of FMLA protected rights and benefits under the FMLA.

21. As a result of Defendant's unlawful retaliatory actions, Plaintiff suffered damages, to include:

    a.   Lost wages (past and future);

    b.   Lost and/or replacement employer offered-benefits;

    c.   Liquidated damages; and

    e.   Reasonable attorneys' fees and court costs.

*C. THIRD CAUSE OF ACTION*:
INTERFERENCE WITH PROTECTED BENEFITS IN VIOLATION OF THE
FAMILY AND MEDICAL LEAVE ACT

22.    The allegations set forth in paragraphs 1 through 13 above are fully incorporated herein and apply to this cause of action.

23.    As described above, Defendant's actions constitute unlawful employment discrimination against Bailey because of his association with his disabled immediate family members, *i.e.*, wife and son, in violation of the ADA.

24.    As a result of Defendant's unlawful interfering actions, Plaintiff suffered damages, to include:

    a.   Lost wages (past and future);

    b.   Lost and/or replacement employer offered-benefits;

    c.   Compensatory damages, in the maximum amount permitted by law;

    d.   Punitive damages in the maximum amount permitted by law; and

    e.   Reasonable attorneys' fees and court costs.

## VI.
## JURY DEMAND

    f.   Plaintiff exercises his right to trial by jury.

## VII.
## DAMAGES

For these reasons, and for each cause of action described above, Plaintiff asks for judgment against Defendant for the following:

A. Lost wages in the form of back pay, including wages and benefits from the time of Plaintiff's termination to time of trial.

B. Lost wages in the form of front pay, including wages and benefits from the time of trial into the future.

C. Cost of lost or replacement employment benefits and out of pocket expenses incurred, as a result of the loss of employment-offered benefits.

D. Liquidated damages for the willful violations of the FMLA.

E. Compensatory damages in the maximum amount permitted by law.

F. Punitive damages in the maximum amount permitted by law.

G. Attorneys' fees and costs.

H. Pre- and post judgment interest at the maximum rate allowed by law.

I. Injunctive relief granting notice to employees of any judgment along with notice of their statutory rights to bring similar claims to the US Equal Employment Opportunity Commission and/or the U.S. Department of Labor, and respective state agencies, including their right to be represented by counsel.

J. Injunctive relief for monitoring and reporting of ADA and/or FMLA violations.

K. Injunctive relief requiring training of employees as to the requirements under the ADA and/or FMLA.

L. Injunctive relief of reinstatement or, alternatively, front pay.

*WHEREFORE*, premises considered, Plaintiff respectfully prays that Defendant be summoned to appear and that, following a trial on the merits, Plaintiff receive all relief requested as well as such other and further relief to which he is justly entitled.

Respectfully submitted,

**LAW OFFICE OF DALE M. RODRIGUEZ**
450 Century Parkway, Suite 250
Allen, Texas 75013
Phone: 214-713-4665
Fax:    888-717-7542
dale@dmrlawoffice.com


By:   /s/ Dale M Rodriguez
       Dale M. Rodriguez
       *Texas Bar No. 00788302*
       *Florida Bar No. 0780081*

*Attorney for Plaintiff*


### *CERTIFICATE OF SERVICE*

This is the Original Complaint. Service will be made either by waiver of service or by summons issued by the Clerk of the Court.

  /s/ Dale M Rodriguez
       Dale M. Rodriguez